IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINIOS
EASTERN DIVISION

IN RE: ) NO. 11-08232
JERRY AND CYNTHIA CAPPS )
)
) HON. DONALD R. CASSLING
) BANKRUPTCY JUDGE

## NOTICE OF MOTION

TO: Parties listed on attached Service List

    PLEASE TAKE NOTICE that on the 7th day of March, 2014 at 10:30 a.m. the undersigned will appear before the Honorable Donald Cassling, United States Bankruptcy Judge, or any other judge sitting in his place and stead, at Kane County Courthouse, 100 S. Third Street, Room 240, Geneva Illinois and then and there present the attached Motion, a copy of which is attached hereto and hereby served upon you.

                                             _/s/ Brenda Porter Helms

## CERTIFICATE OF SERVICE

    The undersigned certifies that she caused a copy of the above Amended Notice, to be served upon the parties listed on the attached Service List, by the means set forth therein, this 10th day of February, 2014 at 3400 W. Lawrence Avenue, Chicago Illinois.

                                             __/s/ Brenda Porter Helms_____

Brenda Porter Helms
#6184302
3400 W. Lawrence Avenue
Chicago IL 60625
(773) 463-6427
(773) 267-9405 (fax)

## SERVICE LIST

Via Court's electronic notification system

Office of U.S. Trustee
USTPRegion11.ES.ECF@usdoj.gov

Brett Kaufman

Andrew Wiess

VIA FIRST CLASS MAIL POSTAGE PREPAID

Jerry Capps
115 W. Ash #C
Lombard IL 60148

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter: 7 |
| JERRY DON CAPPS and ) | |
| CYNTHIA CAPPS, ) | Case No.:   11-08232 |
| ) | |
| Debtors. ) | Judge Donald R. Cassling |

**FINAL APPLICATION FOR ALLOWANCE OF COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES AS GENERAL COUNSEL TO THE TRUSTEE**

**NOW COMES** David R. Brown, Esq. and the law firm of SPRINGER BROWN, LLC (herein "Applicant"), as duly authorized counsel to the Trustee, Brenda Porter Helms (herein the "Trustee") and respectfully requests the entry of an Order for the allowance and payment of compensation and reimbursement of expenses for services rendered and expenses incurred as counsel to the Trustee pursuant to §330 of the United States Bankruptcy Code and applicable Federal Rules of Bankruptcy Procedure, and in support hereof, states to the Court as follows:

## I. INTRODUCTION

This Application encompasses the time period from January 31, 2013 through preparation of Applicant's current Final Fee Application, December 5, 2013. The Application represents 21.4 hours of legal services provided to the Trustee. Applicant has neither previously requested nor obtained approval for payment of interim compensation or reimbursement of expenses. This Application seeks approval of legal fees in the amount of $7,312.50 and $0.00 for actual and necessary unreimbursed expenses.

1.    On February 28, 2011, an Order for Relief under Chapter 7 of the United States Bankruptcy Code was entered against Jerry and Cynthia Capps and Brenda Porter Helms was thereupon appointed as Trustee therein.

2.    The case was closed on May 27, 2011 and reopened on August 10, 2012. Brenda Porter Helms was reappointed as Trustee on August 16, 2012.

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334. This is a core proceeding pursuant to 28 U.S.C. §157. Venue is proper in this district pursuant to 28 U.S.C. §§1408 and 1409.

4. This request for relief is predicated on Section 330(a) (1) of the Bankruptcy Code.

5. On February 15, 2013, an Order was entered by this Court authorizing Trustee to employ SPRINGER BROWN, LLC (hereinafter "Applicant") as her counsel.

6. During the period January 31, 2013 through December 5, 2013, Applicant provided services to the Trustee which were reasonable and necessary to the administration of this case, the general nature of which is set forth below and a specific itemization of which is attached hereto and incorporated herein.

## II. CASE STATUS AND NARRATIVE OF LEGAL SERVICES

7. Applicant represented and advised the Trustee on the matters relating to this bankruptcy case. The Applicant has provided a general description of the tasks performed, results achieved and benefit to the estate; and detailed time records in chronological order for each matter with Applicant's time attached hereto Exhibit A. Each professional task for which Applicant seeks compensation is separated into the following two categories:

    A.    Employment of Professional Persons and Preparation of Fee Applications;

    B.    Asset Analysis and Disposition: Personal Injury/Wrongful Death claim, including exemption issues for same.

The following narrative description of the project categories explains the necessity and benefit to the estate of each service category and the status of those issues, including all pending litigation:

    A.    **Employment of Professional Persons and Preparation of Fee Application**
        **Time Expended: 5.1 hours; Amount requested: $ 1,891.50**

This category includes services related to the employment of Applicant as counsel to the Trustee, employment of two Special Counsel firms for the Trustee for state court prosecution of the personal injury/wrongful death case and preparation of the current Fee Application. Employment of Counsel and both Special Counsel firms for the Trustee were each necessary for the prompt and efficient liquidation of the estate and have contributed to the successful administration of this estate.

> **B.** **Asset Analysis and Disposition: Personal Injury/Wrongful Death Claim, including exemption issues for same**
>
> **Time Expended: 16.3 hours; Amount requested: $ 5,421.00**

This category includes services related to the prosecution of the Debtors' personal injury case. Prior to the commencement of their bankruptcy case, Debtors suffered damages as the result of exposure to asbestos resulting in the contracting of mesothelioma. Debtors engaged Randy L. Gori and the firm of Gori, Julian & Associates, P.C., and Lindalea P. Ludwick and the firm of Early, Lucarelli, Sweeney & Strauss, LLC to prosecute a personal injury suit - Case No. 11-L-397 in the Circuit Court, Third Judicial Circuit, Madison County, Illinois entitled <u>Kathryn Coconato, Individually and as Special Administrator of the Estate of Cynthia Capps, Deceased v. A.W. Chesterton, Inc., et al</u>. (the "Lawsuit"). The Debtor, Cynthia Capps, ultimately died as a result of mesothelioma, and Kathryn Coconato was substituted in as a plaintiff, and the Lawsuit became one for wrongful death.

The Lawsuit was not originally scheduled by the Debtors in their bankruptcy schedules, but eventually the Trustee was advised of the existence of the Lawsuit, reopened the case, vacated her No Asset Report, and employed Applicant as general counsel. Applicant employed both Special Counsel firms to represent the Trustee in the prosecution of the Lawsuit and an

Order employing Applicant as well as both Special Counsel firms was entered on February 15, 2013.

On September 14, 2012, the Debtors amended Schedule B by listing an originally undisclosed personal injury lawsuit as an asset of the estate and amended Schedule C by exempting $30,000 for the Lawsuit. On March 10, 2013, the Debtor Amended the Schedule C to claim all of the proceeds of the Lawsuit as exempt under the provisions of the Illinois exemption statutes pertaining to wrongful death actions. Applicant filed a Motion to extend to the time in which to Object to the Debtors' claimed exemptions and an Order was entered extending the time to object to June 10, 2013. Applicant researched the exemption issues and on March 29, 2013, Applicant filed an Objection to the Debtors' exemption based on bad faith for concealing the asset and/or lack of proper authority to amend the exemption on behalf of Cynthia Capps because only the Special Administrator who was substituted as plaintiff for Cynthia Capps when she died had the authority to now claim a wrongful death exemption.

While the exemption issues were ongoing, the Trustee became aware that Special Counsel received proceeds of the Lawsuit, believed to be in excess of $150,000. Applicant demanded Special Counsel turnover the proceeds but Special Counsel resisted that demand, raising issues as to the allocation of the proceeds among the Lawsuit plaintiffs. On May 6, 2013, Applicant filed a Motion for Turnover of the Lawsuit funds and this Court entered the Turnover order on May 17, 2013. On May 31, 2013, Special Counsel filed a Motion to Vacate the Turnover Order stating all the Lawsuit funds were not property of the bankruptcy estate because there were multiple plaintiffs in the Lawsuit and requesting directive as to what portion of the Lawsuit Settlement Funds were property of the estate.

Because both the exemption claims and the allocation of proceeds of the Lawsuit involved complex issues of law that would require costly litigation to resolve, Applicant and Special Counsel negotiated terms for turnover of the lump sum of $40,000 to the bankruptcy estate, which settlement terms included a provision that said turnover was free and clear of medical liens, insurance subrogation claims, reimbursement claims, and also a provision that the Special Administrator's exemption claims were waived. On October 10, 2013, Applicant filed a Motion for Approval of the Settlement/Compromise and on November 8, 2013, this Court entered an Order approving the settlement and compromise.

8. All services in this matter were performed by David R. Brown, billed at the rate of $405.00 per hour, Michele M. Springer, billed at the rate of $300.00 per hour, Elizabeth A. Bates billed at the rate of $350.00 per hour and Meredith S. Fox billed at a rate of $285.00 per hour. These rates are customary for Springer Brown to charge for such services during this time period.

9. The foregoing compensation rates are comparable to those charged by other practitioners of similar standing, skill and experience in cases of equal complexity. David R. Brown is a 1978 graduate of the University of Chicago Law School, a former associate at Mayer, Brown & Platt, an attorney and former acting Assistant United States Trustee in the Office of the United States Trustee for the Northern District of Illinois, a twenty-four year panel trustee, and a Member of the firm of Springer Brown, LLC. Elizabeth A. Bates is a partner of Springer Brown, LLC and has been practicing bankruptcy law since 1979. Michele M. Springer is a senior associate and has been practicing bankruptcy law for sixteen years. Meredith S. Fox was admitted to practice law in 2012.

10. The services rendered by Applicant were necessary services that have benefited this estate by providing funds to distribute to creditors and enabling the Trustee to perform his statutory duties. Itemized time entries for all Applicant's services are attached as Exhibit A.

**WHEREFORE,** Applicant, David R. Brown respectfully requests that Trustee's Attorneys' fees in the amount of $7,312.50 be approved as reasonable and appropriate and that payment be authorized upon entry of the Order approving such payment as set forth herein for any such other and further relief as this Court deems just and equitable.

DATE: December 5, 2013           Respectfully Submitted,
                                 APPLICANT
                                 Brenda Porter Helms, Trustee

                                 BY: SPRINGER BROWN, LLC

                                 By:  /s/ David R. Brown
                                      David R. Brown
                                      One of Her Attorneys

David R. Brown
SPRINGER BROWN, LLC
Wheaton Executive Center
400 S. County Farm Road, Suite 330
Wheaton, IL  60187
(630) 510-0000

## ATTORNEY TIME

### EMPLOYMENT OF PROFESSIONALS AND FEE APPLICATIONS

| DATE | DESCRIPTION | HOURS | AMOUNT | LAWYER |
|---|---|---|---|---|
| 01/31/13 | Draft Motion to Employ Springer Brown as Counsel to the Trustee, Notice and proposed Order | 1.00 | $405.00 | DRB |
| 01/31/13 | Draft Motion to Employ Special Counsel (2 separate firms), Notice and proposed Order | 1.30 | $526.50 | DRB |
| 02/08/13 | Court appearance on Motions to Employ; hearings continued | 0.50 | $202.50 | DRB |
| 02/15/13 | Court appearance on Motions to Employ | 0.50 | $202.50 | DRB |
| 02/20/13 | Draft letter to both Special Counsel firms enclosing copies of Orders to employ them for the estate and requesting litigation update | 0.30 | $105.00 | EAB |
| 12/05/13 | Draft Final Fee Application as Counsel to the Trustee | 1.50 | $450.00 | MMS |
| | **SUB-TOTALS** | **5.10** | **$1,891.50** | |

### PERSONAL INJURY/WRONGFUL DEATH AND EXEMPTION ISSUES

| DATE | DESCRIPTION | HOURS | AMOUNT | LAWYER |
|---|---|---|---|---|
| 2/20/2013 | Draft letter to Debtors' attorney re: whether Debtors have received any money from the litigation | 0.30 | $105.00 | EAB |
| 03/12/13 | Research objection to exemptions based on bad faith | 1.10 | $313.50 | MSF |
| 03/14/13 | Research objection to exemptions for concealed assets and 1001(h)(2) and (h)(4) | 4.30 | $1,225.50 | MSF |
| 03/20/13 | Draft Motion to Extend time to Object to Debtors' exemptions, Notice and proposed Order | 0.80 | $228.00 | MSF |
| 03/29/13 | Court appearance on Motion to Extend | 0.50 | $142.50 | MSF |
| 05/06/13 | Draft Motion to for Turnover of proceeds from lawsuit from Gori, Julian & Associates, Notice and proposed | 1.10 | $445.50 | DRB |
| 05/17/13 | Court appearance on Motion for Turnover | 0.50 | $202.50 | DRB |
| 05/21/13 | Draft letter to Attorney Beavers, Gori, Julian & Associates, enclosing copy of Turnover Order | 0.20 | $81.00 | DRB |
| 05/31/13 | Receipt and review Motion to Vacate Turnover Order filed by Gori, Julian & Associates | 0.30 | $121.50 | DRB |
| 06/07/13 | Court appearance on Motion to Vacate Turnover Order; hearing continued and scheduling order entered | 0.50 | $202.50 | DRB |
| 06/09/13 | Draft Objection to Debtors' Amended Exemptions, Notice and Order | 1.60 | $456.00 | MSF |
| 06/28/13 | Court appearance on Objection to Exemptions; hearing continued and scheduling order entered | 0.50 | $142.50 | MSF |
| 07/19/13 | Court appearance on Motion to Vacate Turnover Order; hearing continued | 0.50 | $202.50 | DRB |

EXHIBIT A

| Date | Description | Hours | Amount | Atty |
|---|---|---|---|---|
| 08/01/13 | Draft and file proposed Agreed Order withdrawing Objection to Debtors' Exemptions | 0.30 | $85.50 | MSF |
| 08/01/13 | Draft and file proposed Agreed Order withdrawing Motion for Turnover | 0.30 | $85.50 | MSF |
| 08/01/13 | Draft and file proposed Agreed Order granting Motion to Vacate Turnover Order | 0.30 | $85.50 | MSF |
| 09/05/13 | Receipt and review Settlement/Distribution of proceeds; revise same | 1.00 | $405.00 | DRB |
| 10/08/13 | Draft Motion for Approval of Compromise, Notice and proposed Order | 1.70 | $688.50 | DRB |
| 11/08/13 | Court appearance on Motion to Approve Compromise | 0.50 | $202.50 | DRB |
| | **SUB-TOTALS** | **16.30** | **$5,421.00** | |

| | | | |
|---|---|---|---|
| **GRAND TOTALS** | | **21.40** | **$7,312.50** |

EXHIBIT A